IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE BETHEA, # K-80900, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13-cv-629-MJR |
| | ) |
| STATEVILLE RNC | ) |
| and VIENNA CORRECTIONAL CENTER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Vienna Correctional Center ("Vienna"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He claims that between March 1 and March 20, 2013, he was housed in unsanitary conditions at Stateville RNC ("Stateville") (Doc. 1, p. 5). Among other complaints, he was made to sleep on a urine-covered floor near a toilet.

Thereafter, he was transferred to Vienna, where the remainder of his claims arose. Plaintiff does not include any factual allegations regarding the problems at Vienna, but mentions asbestos. The sum total of his statement regarding Vienna consists of one run-on sentence: "Gross Negligence Abestoes [sic] criminal malfeasance with harmful intent, torque claim 42 U.S.C. § 1997 § my due process 14th/5th Amendments, C.R.I.P. Ace, Imminent danger, Punitive damages, verbosity perpensity [sic]" (Doc. 1, p. 5).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which

relief may be granted, or seek monetary relief from an immune defendant.

This Court is of the opinion that neither the Stateville allegations nor the Vienna claim is sufficient to survive § 1915A review.  However, Plaintiff may be able to state a viable claim if he is permitted to amend his complaint.  Furthermore, the claims arose in different judicial districts against different Defendants, thus severance is appropriate.

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.  *George,* 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)).  Plaintiff's complaint can be divided into two counts:  **Count 1** regarding the Stateville RNC claims, and **Count 2** regarding the Vienna claims.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever **Count 2** of Plaintiff's complaint, and shall open a new case with a newly-assigned case number for that claim.  However, Plaintiff shall have an opportunity to voluntarily dismiss the newly severed case if he does not wish to proceed on the Vienna claims or incur the additional filing fee.

**Severance of Count 2**

**IT IS HEREBY ORDERED** that Plaintiff's Vienna claims (**COUNT 2**) are **SEVERED** into a new case.  That new case shall be: Claims against **DEFENDANT VIENNA CORRECTIONAL CENTER**.

The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings.  In the new case, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order
(2) The Original Complaint (Doc. 1)

      (3)    Plaintiff's motion to proceed *in forma pauperis* (Doc. 2)

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly-opened case, he must notify the Court in writing within 35 days (on or before **August 7, 2013**). Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action, he **will be responsible for an additional $350.00 filing fee** in the new case. There shall be no further proceedings in the severed case until after the deadline for Plaintiff's response.

Moreover, if Plaintiff wishes to proceed on the Vienna claims, he must submit an amended complaint, naming the individual Defendants responsible for the alleged unconstitutional actions. "Vienna Correctional Center" is not an entity that may be sued in federal court. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages). Likewise, because a prison is a division of the Illinois Department of Corrections, it is not subject to a § 1983 suit. *See Will*, 491 U.S. at 71.

In order to survive review under 28 U.S.C. § 1915A, the amended complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff must submit his First Amended Complaint regarding Count 2, to be filed in the newly severed case, within 35 days of the entry of this order (on or before **August 7, 2013**). The First Amended Complaint shall include *only* the Vienna claims designated herein as Count 2. An amended complaint supersedes and replaces the original complaint, rendering the

original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint may result in the dismissal of the severed action with prejudice.

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS FURTHER ORDERED** that the *only claim remaining in this action is COUNT 1 against Defendant Stateville RNC*, for housing Plaintiff in unsanitary conditions. This case shall now be captioned as: **TYRONE BETHEA, Plaintiff, vs. STATEVILLE RNC, Defendant.**

**IT IS FURTHER ORDERED** that Defendant **VIENNA CORRECTIONAL CENTER** is **TERMINATED** from *this* action with prejudice.

**Transfer of Count 1**

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

When the claims in Count 1 arose, Plaintiff was incarcerated in Stateville, located in Will County, Illinois.  Will County is situated in the federal judicial district for the Northern District of Illinois.  28 U.S.C. § 93(a)(1).  The Court finds that the Northern District is the appropriate forum for the hearing and determination of the claims in Count 1 because Defendant is located there and all the alleged events in Count 1 took place there.  Pursuant to 28 U.S.C. § 1404(a), and on the Court's own motion,

**IT IS THEREFORE ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Northern District of Illinois, Eastern Division, for a determination as to whether Plaintiff should be granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915, and such further proceedings as that court may deem appropriate.  No summons shall issue in this action unless so directed by the transferee court.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 2, 2013**

s/ MICHAEL J. REAGAN
United States District Judge