IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TYRONE BETHEA, # K-80900, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-640-MJR |
| | ) | |
| RANDY DAVIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff is currently incarcerated at Vienna Correctional Center ("Vienna"), where he is serving a 6-year sentence for robbery. This matter is now before the Court for preliminary review under 28 U.S.C. § 1915A of Plaintiff's Second Amended Complaint (Doc. 11). He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, seeking damages for violations of his rights which he claims have occurred during his confinement at Vienna. He also invokes the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 11, p. 1).

Plaintiff states that he was sent to Vienna on March 20, 2013. He was initially housed on the second floor of Building 19, and was moved to the third floor of that unit on April 7, 2013. His statement of claim includes a string of legalese and nonsensical statements that appear to be copied from other prisoner complaints filed recently in this Court, for example, "Gross Negligence Abestoes Criminal Malfeasance with harmful intent, torque claim . . . ." (Doc. 11, p. 5). This gibberish does nothing to advance Plaintiff's claim, and shall not be considered further. However, Plaintiff also includes some specific factual allegations regarding

the conditions under which he is housed at Vienna.

The complaint alleges that in Plaintiff's building, the bathroom walls are rusted and moldy, the sleeping area is infested with spiders and bugs, his mattress and pillow are mildewed, rainwater leaks from the ceiling onto the beds and through the light fixtures, and the showers are rusted out (Doc. 11, p. 5). These portions of Plaintiff's claim shall be designated as **Count 1**.

Plaintiff also complains that inmates are housed together with rival gang members and with mental health patients. These claims shall be designated as **Count 2**.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. Accepting Plaintiff's allegations as true, the Court finds that **Count 1** of the complaint articulates a colorable Eighth Amendment claim against Defendant Davis for housing Plaintiff in conditions which place his health at risk. However, Plaintiff's remaining allegations in **Count 2** fail to state a claim upon which relief may be granted. That claim, as well as the FTCA claim **(Count 3)** shall be dismissed for the following reasons.

**Count 2 – Failure to Segregate Inmates**

Plaintiff does not indicate that he has suffered any harm due to the Defendant's policy of housing rival gang members together, or of mixing mental health patients with other inmates. These practices do not violate the Constitution in and of themselves. While "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners," *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), not all instances of inmate-on-inmate violence

raise constitutional concerns.  Plaintiff does not say that he has been attacked, nor does he claim that he was the target of any specific threat or that he requested protection from any prison official.  This claim shall be dismissed without prejudice.

**Count 3 – Federal Tort Claims Act**

The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials.  The only named Defendant herein, Vienna Warden Randy Davis, is a state official.  The same would be true of any other Vienna employee.  Therefore, Plaintiff's claim does not fall within the jurisdiction of the FTCA.  Count 3 shall be dismissed with prejudice.

**Motion for Leave to Proceed *In Forma Pauperis* ("IFP") (Docs. 3 & 6)**

Plaintiff has filed two motions for leave to proceed IFP, and has submitted an affidavit stating that he has no employment, has received no income for the last twelve months, and has no assets or cash on hand.  However, he has not tendered a complete certified copy of his inmate trust fund account statement.  The Court has requested a trust fund statement for the six-month period immediately preceding the filing of this case from the Vienna Correctional Center, but to date has not received information sufficient to determine the amount of Plaintiff's initial partial payment.  Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee.  At such time as the Court receives from the institution's Trust Fund Officer the certified copy of Plaintiff's trust fund account statement as requested, the Court will enter an order authorizing the Trust Fund Officer to deduct from Plaintiff's trust fund account the initial partial filing fee, and to forward this payment to the Clerk of Court.  The order shall also direct subsequent payments to be made

pursuant to § 1915 until the filing fee is paid in full. To conclude, Plaintiff's motions to proceed

IFP in this case (Docs. 3 & 6) are **GRANTED**.  The Clerk of Court is directed to send a copy of

this Order to Plaintiff and to the Trust Fund Officer at Vienna.

**<u>Disposition</u>**

       **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon

which relief may be granted.  **COUNT 3** is **DISMISSED** with prejudice for failure to state a

claim upon which relief may be granted.

       The Clerk of Court shall prepare for Defendant **DAVIS**:  (1) Form 5 (Notice of a

Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of

Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended

Complaint (Doc. 7), and this Memorandum and Order to Defendant's place of employment as

identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons

(Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on Defendant, and the Court will require Defendant to

pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil

Procedure.

       If the Defendant cannot be found at the address provided by Plaintiff, the

employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the

Defendant's last-known address.  This information shall be used only for sending the forms as

directed above or for formally effecting service.  Any documentation of the address shall be

retained only by the Clerk.  Address information shall not be maintained in the court file, nor

disclosed by the Clerk.

       Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance

is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

        **IT IS SO ORDERED.**

        **DATED: September 6, 2013**

        s/ MICHAEL J. REAGAN
        United States District Judge